

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

JAMES BRANCH, 04-B-0908,

       Plaintiff,

  -v-

Dr. JACOB PIAZZA, J. MINTON,
SERGEANT SHAW, CAPTAIN RIOCTT,
and JOHN DOE,

       Defendants.

**DECISION and ORDER**
05-CV-6187CJS(Fe)

___

JAMES BRANCH, 04-B-0908,

       Plaintiff,

  -v-

STATE OF NEW YORK, ELLIOT SPITZER,
Dr. JACOB PIAZZA, J. MINTON,
SERGEANT SHAW, CAPTAIN RIOCTT,
and JOHN DOE,

       Defendants.

05-CV-6232CJS(Fe)

___

JAMES BRANCH, 04-B-0908,

       Plaintiff,

  -v-

STATE OF NEW YORK, ELLIOT SPITZER,
Dr. JACOB PIAZZA, J. MINTON,
SERGEANT SHAW, CAPTAIN RIOCTT,
and JOHN DOE,

       Defendants.

05-CV-6266CJS(Fe)

JAMES BRANCH, 04-B-0908,

        Plaintiff,

-v-                                                                   05-CV-6289CJS(Fe)

STATE OF NEW YORK, ELLIOT SPITZER,
OFFICER WILAHOS and
OFFICER JOHN DOES,

        Defendants.

## CONSOLIDATION

Plaintiff has filed four related actions that are pending in this court: 05-CV-6187, 05-CV-6232, 05-CV-6266 and 05-CV-6289. In each of these cases, plaintiff alleges a continuing course of conduct on the part of the defendants that he asserts violates his constitutional rights. He claims that the defendants' deliberate indifference and retaliatory conduct, begun by officers at Gowanda Correctional Facility and continued by officers at Fishkill Correctional Facility, exacerbated his medical difficulties and led to pneumonia and shingles.

When actions involve common questions of law or fact, such as these four actions by plaintiff, the Court may consolidate the actions and make any such orders regarding them "as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). Accordingly, plaintiff's four actions shall be consolidated into a single action under the case number 05-CV-6187, and the Complaints in case numbers 05-CV-6232, 05-CV-6266 and 05-CV-6289 shall be deemed Supplemental Complaints in 05-CV-6187.

## PLAINTIFF'S ALLEGATIONS

Plaintiff states that he is a 55-year old man who is blind in one eye and suffers from migraines and chest pains. Plaintiff alleges that a few days after he was placed in the SHU, he requested his eye glasses, Q'uran and legal materials. In response to his request, Officer Minton slapped him, pulled his beard, made a derogatory comment to him and refused to provide the requested items until several days thereafter. After Plaintiff grieved Minton's treatment of him, Officers Minton, Shaw and others retaliated against him by denying him showers. Plaintiff began to suffer migraines, pains in his chest and back, and high blood pressure and claims that Dr. Piazza did not give him the necessary medical treatment for these conditions. Plaintiff filed grievances regarding the officers' treatment of him and also filed a grievance regarding the lack of medical treatment.

In his Complaint and Supplemental Complaints, Plaintiff claims that the mistreatment and lack of medical care caused him to develop pneumonia, shingles, and a fever of 105 degrees. These conditions were not diagnosed until he was transferred to Fishkill Correctional Facility, where he received some medical care. Nevertheless, he claims that, at Fishkill Correctional Facility, Officer Wilahos and other John Doe officers have been denying him his medication.

## DISCUSSION

Plaintiff has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and has met the statutory requirements. Accordingly, the plaintiff's request to proceed in this Court as a poor person is hereby granted.

In addition, the plaintiff's Complaint and Supplemental Complaints have been screened by the Court with respect to the 28 U.S.C. § 1915(e)(2) criteria. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Complaint and Supplemental Complaints, the Court finds that plaintiff's claims against Dr. Jacob Piazza, J. Minton, Sergeant Shaw, Captain Rioctt, Officer Wilahos and the John Doe officers are sufficient to survive this initial review. Plaintiff's claims against Elliot Spitzer and the State of New York, however, must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

A prerequisite for liability under § 1983 is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986); *and see Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir.2003) (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir.1989)); and

4

citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).  Plaintiff does not provide a basis for claiming personal involvement of Elliot Spitzer.  Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability.  *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978).  "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995).  Nothing in plaintiff's allegations demonstrates Elliot Spitzer's personal involvement in the alleged constitutional deprivation.

Moreover, the Eleventh Amendment bars federal court claims against states and state employees in their official capacity, absent their consent to such suit or an express statutory waiver of immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984).  Accordingly, the claims against the State of New York and Attorney General Elliot Spitzer are dismissed with prejudice.

## CONCLUSION

Plaintiff's four actions shall be consolidated into a single action under the case number 05-CV-6187, and the Complaints in case numbers 05-CV-6232, 05-CV-6266 and 05-CV-6289 shall be deemed Supplemental Complaints in 05-CV-6187.  All papers are to be filed in 05-CV-6187.  Case Numbers  05-CV-6232, 05-CV-6266 and 05-CV-6289 are to be closed.

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is

granted. For the reasons discussed above, plaintiff's claims against the State of New York and Elliot Spitzer are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the Summons, Complaint and Supplemental Complaints on Dr. Jacob Piazza, J. Minton, Sergeant Shaw, Captain Rioctt and Officer Wilahos. Plaintiff is directed to identify defendant John Doe through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on the defendant as soon as he has been identified.

Plaintiff's request for assignment of counsel is denied as premature. There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## ORDER

IT HEREBY IS ORDERED, that case numbers 05-CV-6187, 05-CV-6232, 05-CV-6266 and 05-CV-6289 are consolidated as case number 05-CV-6187;

FURTHER, that the Complaints submitted in 05-CV-6232, 05-CV-6266 and 05-CV-6289 are deemed Supplemental Complaints in case number 05-CV-6187;

FURTHER, that the Clerk of the Court is directed to close case numbers 05-CV-6232, 05-CV-6266 and 05-CV-6289;

FURTHER, that henceforth, all papers filed in connection with the Supplemental Complaints shall be filed in case number 05-CV-6187;

FURTHER, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's request for assignment of counsel is denied as premature;

FURTHER, that plaintiff's claims against the State of New York and Elliott Spitzer are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants State of New York and Elliott Spitzer as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, Supplemental Complaints and this Order upon Dr. Jacob Piazza, J. Minton, Sergeant Shaw, Captain Rioctt and Officer Wilahos without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the Complaint and Supplemental Complaints.

SO ORDERED.

Dated:   July 2?, 2005
         Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge