UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES BRANCH,

                Plaintiff,                DECISION & ORDER

    -vs-                             05-CV-6187-CJS

DR. JACOB PIAZZA, OFFICER J. MINTON,
SERGEANT SHAW, CAPT. RIOCTT,
OFFICER JOHN DOE,

                Defendants.
_____

**APPEARANCES**

| | |
|---|---|
| For plaintiff: | James Branch<br>412 Ratger Street<br>Utica, NY 13501<br>*Pro se* |
| For defendants: | Gary M. Levine, A.A.G.<br>New York State Office of the Attorney General<br>144 Exchange Boulevard<br>Suite 200<br>Rochester, NY 14614 |

**DECISION AND ORDER**

    **Siragusa, J.** Plaintiff James Branch commenced this *pro se* action under 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated in various New York Correctional Facilities. The case was transferred to this District from the Southern District of New York on April 20, 2005. ECF No. 4. Four actions were consolidated by the Court in a Decision and Order entered on July 29, 2005. ECF No. 9.

    The Defendants filed motions for summary judgment, ECF Nos. 45 & 46, and on June 21, 2011, the Clerk entered an Order to Show Cause, ECF No. 62, pursuant to former Local Rule of Civil Procedure 41.2, directed at Plaintiff. The Clerk sent that Order

to James Branch, 412 Ratger Street,[1] Utica, New York, 13501, Plaintiff's address on file with the Court. On June 30, 2011, the Order to Show Cause was returned to the Court with the outside of the envelope marked "DECEASED."

According to the New York State Department of Corrections and Community Supervision's electronic database, James Branch, DIN 04-B-0908, a black male with a date of birth of May 14, 1949, was released to parole on December 19, 2008. The obituary database of the Observer-Dispatch newspaper in Utica, New York, indicated that James Elwood Branch, born May 14, 1949, in Richmond, Virginia, died on October 17, 2010, at age 61, and was survived by two sisters, Dolores Baptist and Evelyn Branch, both of New York City.  The obituary further stated that funeral arrangements were handled by Prince-Boyd & Hyatt Home for Funerals, Inc., 210 W. Court St., Rome, New York, and that a memorial service was planned for Plymouth Bethesda United Church of Christ, in Utica, New York.

The Court's law clerk telephoned the funeral home and spoke with an individual who verified that the deceased, an African-American male, had lived at 412 Rutger Street. That individual also stated that no next-of-kin attended the deceased and the funeral home records did not list any addresses for the two surviving sisters reported in the obituary.

In light of the above, the Court concluded that the Plaintiff was likely deceased and left behind surviving relatives who were unlikely to contact the Court. Pursuant to Federal Rule of Civil Procedure 25(a)(1), the Court entered a Suggestion of Death on February 2, 2012, and ordered that any person moving to substitute himself or herself for Plaintiff in this action to do so within 90 days of the date of the Order. ECF No. 63. The Suggestion of Death was sent to Plaintiff's last known address at 412 Rutger Street, Utica, New York

---

[1] It appears that the correct spelling of Plaintiff's address is "Rutger" Street.

13501; Prince-Boyd & Hyatt Home For Funerals, Inc., 210 W. Court Street, Rome, New York 13440; and Plymouth Bethesda United Church of Christ, 200 Plant Street, Utica, New York 13502. That Order further directed that "any person with knowledge of the whereabouts of the surviving relatives of the plaintiff, James Branch, is invited to inform them of this Decision and Order." Dec. & Order at 3, Feb. 2, 2012. On February 17, 2012, Plaintiff's mail was returned to the Court as undeliverable, and no motion for substitution has since been made.

Under Rule 25 of the Federal Rules of Civil Procedure, if a plaintiff does not substitute another party for the deceased party within 90 days after the death is suggested on the record, the action by the deceased party shall be dismissed. Fed. R. Civ. Proc. 25(a)(1).

Over 100 days have passed since the Suggestion of Death of the Plaintiff was filed, and no other parties have appeared or moved for substitution. Accordingly, the complaint is dismissed with prejudice pursuant to Rule 25(a)(1), and the Defendants' pending motions for summary judgment, ECF Nos. 45 & 46, are denied as moot.

The Clerk of the Court is directed to enter judgment dismissing the complaint, and to close this case.

So Ordered.

Dated:   May 16, 2012
         Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge